# SUPREME COURT.

## IN THE MATTER OF THE OPENING OF ORANGE STREET, FROM KNOX STREET TO SNIPE STREET, AND FROM SNIPE STREET TO ROBIN STREET, IN THE CITY OF ALBANY.

*Irregularity in proceedings for opening a street in the city of Albany.*

It is no objection to the regularity of the proceedings for opening a street, that the common council resolve to acquire the *title* to the land for such purpose, instead of taking the land where the terms of the charter of the city describe the effect of the final proceeding, that "the fee simple absolute of the ground, with the appurtenances so taken, shall be vested in the city." The resolution, therefore, is literally true.

The *notice* required by the charter to be published, of the application for the appointment of commissioners, is defective, where it does not "specify and describe as particularly as may be practicable, the ground, with the appurtenances, which may be required," &c., so that each party interested would recognize his property from the description; but instead thereof gives a general description of the entire strip, which the street, as proposed, will take, and bounding it as a single lot, and without any reference to the several lots from which it is taken, and without any description of the "appurtenances" upon each.

Where it appears that there were two resolutions passed by the common council on different days, for the appointment of commissioners, &c., one to open O. street, from K. to S. street, and the other to open it from S. street to R. street, and the order treats them as one application, and appoints three commissioners to assess damages and benefits upon it as a single improvement, it is error.

For the two errors stated, the court refused to confirm the report of the commissioners.

*Albany Special Term,* 1875.

MOTION by the city to confirm the report of commissioners in the above matter.

*Grenville Tremain,* for motion.

*Andrew J. Colvin,* opposed.

WESTBROOK, *J.* — The first objection made to the confirmation of the report is, that the original resolution of the common council of the city of Albany, resolving to take the property required for the opening of the street, is defective, in as much as it resolves to acquire *title* to the land for the purpose aforesaid, whereas it should be a simple resolve to *take* the land.

The same section of the charter, nevertheless (*title* 7, *sec.* 1), describes the effect of the proceeding when brought to a successful termination, thus: " And the fee simple, absolute of the ground with the appurtenances so taken, shall be vested in the city." The resolve was, therefore, literally true. The part of the section, just quoted, must be read in connection with the former, and thus reading it, I do not see how this objection can prevail.

The second objection, however, is more formidable. The section of the amended charter to which we have referred (*title* 7, *sec.* 1), prescribes the notice to be given of the application to the supreme court for commissioners. It provides: " The said common council shall cause a notice to be published twice a week, for two weeks successively, in the official newspapers published in said city, *specifying and describing, as particularly as may be practicable, the ground, with the appurtenances*, which may be required for either of the purposes aforesaid, and the time and place at which the damages and recompense, which the owner or owners of such ground and appurtenances may be entitled to fee the same, will be inquired into, amended and assessed, and such damages and recompense apportioned and assessed among the owners and occupants, and upon the houses and lots of ground, and other real estate, which are to be benefited by the intended public use of the ground, with the appurtenances which shall be required as aforesaid." The provision for the application to the supreme court to appoint commissioners follows.

The object of this provision is apparent. It is the notice to the owners of the ground to be taken, and the point to be

attained "in specifying and describing, *as particularly as may be practicable, the ground, with the appurtenances,* which may be required for either of the purposes aforesaid," was that each party interested would recognize his property from the description. Instead of this *particular* description of "*the* ground, with the appurtenances," there is a *general* description of the entire strip, which the street as proposed will take, and bounding it as a single lot, and without any reference to the several lots from which it is taken, and without any description of "the appurtenances" upon each. This does not seem to me to be a compliance with the letter of the statute, and it certainly is not with the manifest intent of the provision. From the description as published, though it may give accurately the bounds of the piece taken from several lots, it would be difficult for the owner of any lot from which a part is taken, to recognize his strip in the general description which includes his and several others. It seems to me, that a description, "as particularly *as may be practicable,*" of "*the* ground *with the appurtenances,*" requires a separate description of the piece taken from each lot, and of the lot, so that the party affected will recognize his or her premises. In view of the fact that the act requires no personal service of the notice, this construction seems to me to be required. The language is very strong. "As particularly as may be practicable" can scarcely be misunderstood.

Another difficulty is equally fatal. The same section (*title* 7, *sec.* 1) provides for an application to the supreme court, for the appointment of commissioners, to assess damages, &c., for *the* property required for *the* contemplated improvement, *i. e.,* for that specified in the resolution of the common council. There were in fact two separate resolutions passed on different days; the one to open Orange street from Knox street to Snipe street, and the other to open it from Snipe street to Robin street. And there were (at least I so understood counsel) two separate applications to the court. The order treats them as one, and appoints three commission-

ers to assess damages and benefits upon it as a single improvement. This, I think, was erroneous. There is no provision so to do in the act. The effect of the order was to treat the whole matter as a single improvement, and required the commissioners so to regard it. This may have a material effect upon their appraisement. I do not say it would, but I can readily see it might have had. Whether this was a single improvement, to be made as a whole, or two separate ones, though running together, was an important fact for the commissioners to understand. *The People ex rel. Knox* agt. *The Village of Yonkers* (39 *Barb.*, 266) does not present this question. The improvement there was resolved upon as a whole, and the point then made was, that it combined incongruous improvements as one. The point here is that there were two separate projects contemplated — two applications — and an order made treating them as one, and appointing a commission which had to regard the two as a single act. This, I think, was erroneous.

There are several other objections made, but time will not allow me to pass upon them in detail. I do not think I should reverse the proceedings for either of the others, though I might send the report back for correction in a few particulars, *i. e.*, to specify that the parties who are to secure damages are in fact the owners, and not occupants, and when money is to be paid by, or to owners of several lots affected, to name both or all as the parties to receive or pay the money.

I regret the conclusion which makes it necessary to refuse the order for confirmation asked for. There is an infinite detail required by the act, and perhaps no real harm has been done by the errors (as I regard them) pointed out. But the statutes are to be literally complied with, and it is more safe and better to correct and remedy difficulties now, than after a longer period shall have elapsed and more costs have been incurred.